UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

APR 2 7 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-302-GWU

ADA JOYCE ROSE,                                      PLAINTIFF,

VS:                         MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                     DEFENDANT,

## INTRODUCTION

Ada Rose brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4.  If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes,

1

the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work?  If yes, the claimant is not disabled.  If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.  1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Rose, a 36 year-old woman with a "limited" education and no past relevant work history, suffered from borderline intelligence. (Tr. 13, 21). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert James Miller included a limitation to work requiring only simple, repetitive work tasks. (Tr. 195). In response, Miller identified a significant number of jobs which could still

be performed.   (Tr. 196).   Therefore, assuming that the vocational factors considered by the expert fairly depicted Rose's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Rose's mental condition, as required by Varley.  Psychologist James Leisenring was the only mental health professional to examine the plaintiff.   Leisenring diagnosed mild mental retardation to borderline intellectual functioning. (Tr. 129).  The examiner opined that the claimant would be "moderately" limited in her ability to understand, remember, and carry out instructions. (Tr. 129).  Leisenring did not identify other mental limitations and specifically indicated that Rose's ability to respond appropriately to supervision, co-workers, or work pressures would not be impaired. (Tr. 129).  The ALJ's hypothetical question was compatible with this opinion.

Psychologists Lea Perritt and Edward Stodola, the non-examining medical reviewers, each identified the existence of mental limitations.  Perritt only noted a "moderate" limitation of ability to understand, remember and carry out detailed instructions, a finding consistent with the ALJ's finding. (Tr. 161-164).  Stodola identified additional limitations. (Tr. 165-168).  These were not necessarily totally disabling and would be offset and outweighed by the opinion of Perritt and Leisenring.

Rose asserts that the ALJ erred in finding that she suffered from borderline intelligence, rather than mild mental retardation, based upon her full scale IQ score of 69, produced by Leisenring's testing. (Tr. 128).  However, the Court notes that a finding of mild mental retardation alone would not be sufficient for a finding of disabled status.  Therefore, any error would appear harmless.

The full scale IQ score of 69 would be within the range to meet Section

6

12.05(C) the Listing of Impairments, which requires one to demonstrate:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function;

20 C.F.R. Part 404, Subpart P, App. 1 Section 12.05(C). While this score is within the Listing range, the plaintiff has clearly not demonstrated the existence of another mental or physical impairment required to meet the Listing.

The IQ score of 69 would also be within range to meet the requirements of Section 12.05(D). However, neither Perritt nor Stodola, each of whom specifically considered this question, thought Rose satisfied the degree of limitation under the "B" criteria to meet the Listing. (Tr. 141, 156). Therefore, the ALJ properly found that a Listing had not been met.

Rose also argues that the ALJ erred by omitting from the hypothetical question mental limitations identified by Leisenring. The plaintiff notes that the examiner indicated that she had a very poor ability to pick out essential from non-essential details, poor visuomotor organizational skills, and poor immediate attention span. (Tr. 128). However, the Court notes that these findings were not made in relation to the psychologists' discussion of the claimant's vocational limitations, but were descriptions of her performance during the testing. Therefore, the undersigned finds no error.

Finally, Rose asserts that the ALJ erred in failing to properly consider her poor academic skills. Achievement testing administered by Leisenring did reveal a 6th grade reading level. (Tr. 128). This would place the plaintiff in the "marginal" rather than in the "limited" level as found by the ALJ. 20 C.F.R. Section 404.1564. However, even if the hypothetical question did not fairly characterize the plaintiff's condition, an alternative ground exists to support the administrative decision. Social Security Ruling 85-15 provides that when a

7

person's only impairment is mental, a finding of not disabled is appropriate as long as one's ability to: (1) understand, remember, and carry out simple instructions; (2) respond appropriately to supervision, co-workers and usual work situations, and (3) deal with a changes in a routine work setting is not substantially impaired. Certainly, Leisenring did not indicate that any of these functions would be "substantially" impaired.

The ALJ properly concluded that Rose did not suffer from a "severe" physical impairment. Dr. Richard Park, the plaintiff's treating physician, did not report the existence of any physical restrictions. (Tr. 102-125). A lack of physical restrictions constitutes substantial evidence for a finding of non-disability. Maher v. Secretary of Health and Human Services, 898 F.2d 1106, 1109 (6th Cir. 1989). Dr. John Rawlings, reviewed the record and opined that it did not reveal the existence of a "severe" physical impairment. (Tr. 169). Therefore, the ALJ dealt properly with the evidence of record relating to the claimant's physical condition.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___27___ day of April, 2005.

G. WIX UNTHANK
SENIOR JUDGE

8